[S. C., Cooke, 21.]
The facts are, that Morton formerly removed into this State from Virginia, leaving Nunnelly his agent, who, in the year 1805, obtained an attachment against Morton, and thereupon took judgment on his account filed, stating his services and expenditures, for the sum of fifty-two pounds, or thereabouts. Upon this record they commenced an action of debt in this State, to which the defendant. Morton, demurred, and had judgment in the Circuit Court, which being removed to the Supreme Court of Errors and Appeals was reversed, and judgment entered for the plaintiff, Nunnelly. Morton then filed his bill, and states as the only reason why he did not plead nil debit and try the cause upon the merits, to be, that his attorney believed, as was then the prevailing opinion, that the judgment in Virginia was conclusive. It is admitted at the bar, and correctly so, that upon such a judgment that plea is sustainable; that is to say, upon a judgment of another State, grounded upon an attachment where there is no personal notice served on the defendant, and when the property attached is of far less value than the sum adjudged. In what other cases it is also proper, this Court will not now determine. This cause depends principally upon the power of this Court on the equity side to give relief after the complainant has been sued at law, and been personally served with process, and called on to defend, and so frames his defence as to rest upon the forms of the declaration; omitting to plead so as to bring the merits in question. Can he after this come into equity and say, I do not plead to the merits nor direct my counsel to do so, from an apprehension that it could not be done. The Court *Page 211 
think that would not be a sufficient excuse. Fop then this court must take cognizance of all farmer cases where the decision has been upon principles not recognized by after determinations. Interestreipublicae ut sit finis litium is a favorite maxim of this court. Its anxiety to prevent multiplicity of actions is upon the same ground. It is therefore opposed to the spirit of its proceedings to adopt a rule leading to such consequences. The excuse is not allowable, as it would be if a defence upon the merits were intended, and by some accident that intent had been defeated, and in such a way, too, as to exclude the imputation of fault or neglect from attaching on the conduct of the complainant in equity.